IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| John Antwoin Ways, #356740, | ) | C/A No.: 1:19-2441-DCN-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| South Carolina Department of | ) | ORDER AND NOTICE |
| Corrections, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

John Antwoin Ways ("Plaintiff"), proceeding pro se, filed this complaint pursuant to 42 U.S.C. § 1983, alleging a violation of civil rights against South Carolina Department of Corrections ("SCDC"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I. Factual and Procedural Background

Plaintiff is a state prisoner incarcerated at Kershaw Correctional Institution ("KCI"), an SCDC facility. [ECF No. 1 at 2]. Plaintiff maintains he arrived at KCI in October 2018. *Id.* at 5. He claims he has only been permitted to shower as often as once a week or as infrequently as twice a month. *Id.* at 5. He maintains he developed spots on his skin from either the lack of showers or the water in KCI. *Id.* at 6. He alleges he has been unable to use the phone to

contact his family members. *Id.* at 5. He states he has not been screened for medical services. *Id.* at 5. He alleges he requested treatment for the spots on his skin, but has not received a response. *Id.* at 6. He indicates he has been prevented from grooming or cleaning his cell. *Id.* at 5. He claims KCI staff members are not turning in his outgoing mail. *Id.* at 5.

Plaintiff asserts a cause of action for cruel and unusual punishment. He requests no specific relief and maintains he will "[l]et the court decide." *Id.* at 6.

II. Discussion

    A. Standard of Review

Plaintiff has neither paid the filing fee nor moved to proceed in forma pauperis. Should Plaintiff bring the case into proper form, the undersigned anticipates it will be brought pursuant to 28 U.S.C. § 1915,[1] which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding

---

[1] The undersigned's expectation is based on Plaintiff's filing of an Application to Proceed Without Prepayment of Fees and Affidavit in another case filed on the same day as this case (*Ways v. Smith*, No. 1:19-2442-DCN-SVH, ECF No. 2).

of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States

3

Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79. A complaint must also contain "a demand for the type of relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(3).

To state a plausible claim for relief under 42 U.S.C. § 1983,[2] an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014).

---

[2] Plaintiff's Complaint is properly before this court pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails.

Only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." For example, inanimate objects such as buildings, facilities, and grounds are not "persons" and cannot act under color of state law. *See Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").

Additionally, use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions. *See Barnes v. Baskerville Corr. Cen. Med. Staff*, No. 3:07CV195, 2008 WL 2564779 (E.D. Va. June 25, 2008).

Plaintiff has named SCDC as the defendant in this matter and has failed to specify the relief sought in the complaint. Plaintiff's complaint is subject to summary dismissal based on his failure to specify the relief sought.

Should Plaintiff amend his complaint to request monetary damages, his complaint will be subject to dismissal because SCDC is not a "person" amenable to suit for monetary damages under § 1983.

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by September 27, 2019, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

*Shiva V. Hodges*

September 6, 2019  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge